**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) | |
| *Plaintiffs,* | ) | Case No. 26-cv-12784 |
| v. | ) | Judge |
| L.J. BEAL & SON, INC., a Michigan corporation. | ) | Magistrate Judge |
| *Defendant.* | ) | |

**COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendant L.J. Beal & Son, Inc. allege as follows:

**JURISDICTION AND VENUE**

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to

the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

**PARTIES**

4. The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, in Chicago, Illinois.

6. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant L.J. Beal & Son, Inc. ("L.J. Beal") is a corporation organized under the laws of the State of Michigan.

**CLAIM FOR RELIEF**

8. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

9. During all relevant times, L.J. Beal was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters under which L.J. Beal was required to make contributions to the Pension Fund on behalf of certain of its employees.

10. The Pension Fund determined that on or about June 29, 2025, L.J. Beal permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered

operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of 29 U.S.C. § 1383.

11. As a result of this complete withdrawal, L.J. Beal incurred withdrawal liability to the Pension Fund in the principal amount of $10,917,446.77, as determined under 29 U.S.C. § 1381(b).

12. On or about November 21, 2025, L.J. Beal received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1). In the notice and demand, the Pension Fund notified L.J. Beal that it was required to discharge its withdrawal liability in a lump sum payment or in monthly payments, with the first monthly payment due on or before December 1, 2025.

13. L.J. Beal remitted monthly payments for the payments due December 1, 2025 through April 1, 2026 (though not always timely). However, L.J. Beal has not made any further withdrawal liability payments.

14. On or about June 19, 2026, L.J. Beal received a notice from the Pension Fund pursuant to 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due and forewarning L.J. Beal of the consequences of its failure to pay such withdrawal liability.

15. By electronic mail dated February 5, 2026, L.J. Beal requested that the Pension Fund review the withdrawal liability assessment pursuant to 29 U.S.C. § 1399(b)(2)(A).

16. However, L.J. Beal did not initiate arbitration pursuant to 29 U.S.C. § 1401(a)(1), and the time to do so has expired. Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to 29 U.S.C. § 1401(b)(1).

17. L.J. Beal failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of 29 U.S.C. § 1399(c)(5).

18. To date, the principal amount of $10,848,791.18 remains due and owing to the Pension Fund on account of the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment for Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, as trustee, and against Defendant, L.J. Beal & Son, Inc., pursuant to 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

(i) $10,848,791.18 in withdrawal liability;

(ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

(iii) an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

(iv) attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) for such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Gabrielle Pilgrim*
Gabrielle Pilgrim (ARDC #6346422)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-939-2508
gpilgrim@centralstatesfunds.org
*ATTORNEY FOR PLAINTIFFS*

October 19, 2026